```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAUL GREEN SCHOOL OF ROCK MUSIC      :
FRANCHISING, LLC,                    :
                                     :
            Plaintiff,               :   CIVIL ACTION
                                     :
     vs.                             :   No. 08-cv-5507
                                     :
JIM SMITH,                           :
                                     :
            Defendant.               :
```

**MEMORANDUM AND ORDER**

Joyner, J.                                        February 17, 2009

Before this Court is Plaintiff Paul Green School of Rock Music Franchising LLC's ("PGSORM") Motion to Confirm Arbitration Award (Doc. No. 4) and Plaintiff Jim Smith's ("Smith") Opposition to Plaintiff's Motion to Confirm Arbitration Award (Doc. No. 9). For the reasons set forth in the Memorandum, we will GRANT Plaintiff's Motion to Confirm the Arbitration Award.

Background

Paul Green School of Rock Music Franchising LLC awarded a franchise agreement for the operation of a PGSORM branded business to Jim Smith, franchisee, in 2006. This Agreement contained an arbitration provision in Section 25.3 providing for arbitration before the American Arbitration Association. A dispute arose between PGSORM and Smith soon after Smith began operation of a School of Rock Music in Agoura Hills,

1

CA.  PGSORM submitted an demand for arbitration with the American Arbitration Association ("AAA") in Philadelphia, PA, on April 1, 2008; Smith filed an objection with the AAA to the arbitration being held in Pennsylvania.  In its claim, PGSORM sought an injunction, an award of money damages, attorney's fees and costs.  Subsequently Smith answered PGSORM's claims and filed a counterclaim pursuant to the California Franchise Investment Law with the AAA.  Smith also filed a lawsuit in the United States District Court of the Central District of California to compel arbitration of the dispute in California.  The California court denied the motion, finding the forum selection and choice of law provisions of the franchise Agreement enforceable, but stated that its holding was contingent on the fact that Smith's California Franchise Investment Law ("CFIL") claims would be heard in Pennsylvania.[1]

Arbitration therefore proceeded with the AAA in Pennsylvania.  Jerry Schuchman, Esq., was designated arbitrator by the parties and the arbitration hearing occurred on August 19, 20 and 21, as well as on October 13 and 14, 2008.  Arbitrator Schuchman entered an award in favor of PGSORM on November 18, 2008, in full resolution of all claims and counterclaims submitted.  The Award: (1) enjoined defendant from violating his

---

[1] PGSORM had conceded that the Pennsylvania forum would be required to apply the CFIL under conflict of law principles pursuant to Cottman Transmission Sys., LLC v. Kershner, 492 F. Supp. 2d 461 (E.D. Pa. 2007).

2

restrictive covenants against competition for a period of two years; (2) awarded to PGSORM damages in amount of $401,743.00; (3) awarded to PGSORM arbitration administrative fees, compensation and expenses of the arbitrator totaling $12,450.00. Following this Award, PGSORM filed the instant Motion to Confirm the Arbitration Award and Smith responded in opposition.

Standard

Arbitration, of course, is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit. <u>AT &T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).  In this case, the evidence is clear that the Agreement's signatories agreed to submit their claims to binding arbitration before the American Arbitration Association.

The relevant section, 9 U.S.C. §9, of the Federal Arbitration Act (FAA) provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

In this case, arbitration took place in Philadelphia and the plaintiff has applied to the proper district court for confirmation of the award. Under the §10(a) of the FAA,

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
> (1) Where the award was procured by corruption, fraud or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

In light of the FAA and common law, court review of arbitration awards are "extremely deferential" and presents a high hurdle for the party challenging the award. Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003). The Third Circuit has held that vacatur is appropriate only in "exceedingly narrow circumstances." See Id.; 9 U.S.C. § 10. Hence, the listed justifications for vacatur in 9 U.S.C. § 10(a) will be strictly construed in line with this Court's extreme deference to the arbitration award.

## Discussion

Defendant Smith argues that the arbitrator showed a manifest disregard for the law in (1) ignoring California Franchise

4

Investment law ("CFIL") and (2) enforcing a non-compete provision which would allegedly violate the California Business and Professional Code.  Plaintiff contends that no viable defenses exist to confirmation of the award.

## I. Manifest Disregard for CFIL

Defendant Smith argues that the arbitrator manifestly disregarded the law by ignoring the CFIL, CORP. §§ 31000, *et seq.*, that it was required to apply pursuant to former litigation between the two parties.  See Decl. Tractenberg, Exh. B (holding contingent on Smith being able pursue CFIL claims in Pennsylvania).  Pursuant to 9 U.S.C. § 10(a)(4), a court may vacate an award if the arbitrator displayed a "manifest disregard" of the law, in that the award was "completely irrational," thereby exceeding his powers  Daugherty v. Wash. Square Sec., Inc., 271 F. Supp. 2d 681, 694 (W.D. Pa. 2003) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942, 115 S. Ct. 1920 (1995); Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., 868 F.2d 52, 56 (3d Cir. 1989)). "In deciding whether the [arbitrator] exceeded its powers or manifestly disregarded the law, this court's review is very limited."  Id. (citing United Transportation Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995); Ludwig Honold Mfg. v. Fletcher, 405 F.2d 1123, 1127 (3d Cir. 1969)).  In no way is the court to review the merit's of the arbitrator's

decision, his interpretation of law or his interpretation of contractual provisions.  Id. at 695 (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36, 108 S. Ct. 364 (1987); Wilko v. Swan, 346 U.S. 427, 436, 74 S. Ct. 182 (1953); Bernhardt v. Polygraphic Co., 350 U.S. 198, 203 n. 4, 76 S. Ct. 273 (1956)).  In reviewing the award, the court should look to see if there is any legal or factual support in the record for the conclusion.  Id.  Only when there is "no support at all in the record" should the court deny enforcement.  United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995).  Finally, "the court must find that although the arbitrator was aware of a clearly governing legal principle he consciously decided to ignore it."  Cemetery Workers & Greens Attendants Union, Local 365 v. Woodlawn Cemetery, 1995 U.S. Dist. LEXIS 7442, at *6 (S.D.N.Y. May 31, 1995) (citing Reynolds Secur., Inc. v. Macquown, 459 F. Supp. 943, 945 (W.D. Pa. 1978))

In the instant case, the arbitrator specifically dismissed counterclaims that Smith made pursuant to CFIL.  See Supp. Decl. Tranctenberg, Exh. D.  The briefs supplied to the arbitrator by both the plaintiff and the defendant fully argued the counterclaims presented under CFIL; PGSORM did not argue that the CFIL claims should not be heard, but simply argued against them. See Def. Resp., Exh. B, 15; Supp. Decl. Tractenberg, Exh. C, 9. Clearly, the arbitrator was aware of the CFIL claims and the

6

arguments on both sides.  Within his award the arbitrator specifically notes that he dismissed Smith's counterclaim, i.e. his CFIL claims.  There is no evidence that the arbitrator consciously chose to ignore principle.  PGSORM provided factual and legal argument against Smith's CFIL claims and the arbitrator clearly ruled in favor of PGSORM.  This Court will not review the merits of the arbitrator's decision as to the CFIL claims.  To justify vacatur based on manifest disregard for the law, the award must have no support in the record.  United Transp., 51 F.3d at 379.  As PGSORM provided support against the CFIL claims, we will not vacate the award.

**II. Non-Compete Clause**

Defendant Smith contends that the non-competition provision, part 5 of the arbitrator's award, is unenforceable in California pursuant to California Business & Professions Code § 16600. Presumably, defendant is arguing that the arbitrator has shown a "manifest disregard" for the law by ordering its enforcement. However, it does not appear that the arbitrator was under any contingency to apply California law in this instance.  While CFIL, CORP. §§ 31000 *et seq.*, was to be applied based on a choice of law analysis and representations made in the Central District of California Court by PGSORM, the choice of law provision for Pennsylvania law was still held valid and enforceable in all

Case 2:08-cv-05507-JCJ   Document 10   Filed 02/20/09   Page 8 of 9

other respects.[2]  Thus, this Court will not independently presume that California Business & Professions Code should have been applied by the arbitrator.  The non-compete provision was contained within the original Franchise Agreement signed by both parties and is valid under Pennsylvania law.  Piercing Pagoda, Inc. v. Hoffman, 465 Pa. 500, 351 A. 2d 207 (Pa. 1976).  This Court will not review the arbitrator's interpretation of the law or the contract. Daughtery, 27 F. Supp. 2d at 695.

Further, even if Section 16600 were applied, the arbitrator's decision would still be confirmed.  PGSORM argued in its brief that the non-compete provision would be enforceable in California, under Section 16600, because of an exception for the usurpation of trade secrets.  See Supp. Decl. Tractenberg, Exh. C, 8.  The allegations against Jim Smith included the usurpation of trade secrets and the arbitrator found for PGSORM.  PGSORM has, hence, provided some factual and legal support for the award given.  Thus, this Court will not review the merits of the arbitrator's decision in that regard.

An appropriate Order follows

---

[2] Specifically the Central District of California stated, " . . . the Court finds that PGSRM's forum selection and choice of law provision are enforceable because Smith's non-waivable substantive rights under the CFIL will not be undermined."  Decl. Tractenberg, Exh. B, 12.

8

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAUL GREEN SCHOOL OF ROCK MUSIC      :
FRANCHISING, LLC,                    :
                                     :
              Plaintiff,             :   CIVIL ACTION
                                     :
       vs.                           :   No. 08-cv-5507
                                     :
JIM SMITH,                           :
                                     :
              Defendant.             :
```

**ORDER**

AND NOW, this   17th   day of February, 2009, upon consideration of Plaintiff's Motion to Confirm the Arbitration Award (Doc. No. 4) and Defendant's Response in Opposition (Doc. No. 9), and for the reasons set forth in the attached Memorandum, it is hereby ORDERED that the Motion is GRANTED.  It is further ORDERED that the Arbitration Award rendered on November 18, 2008, is CONFIRMED.


                                    BY THE COURT:


                                    s/J. Curtis Joyner
                                    J. CURTIS JOYNER, J.